UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT DUKES,

       Petitioner,

   v.                                    16-CV-918-LJV-HKS
                                            DECISION & ORDER

HAROLD GRAHAM,

       Respondent.

On November 16, 2016, the *pro se* petitioner, Robert Dukes, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he was convicted in the Yates County Court in violation of his constitutional rights. Docket Item 1. On May 5, 2017, the respondent answered the petition, Docket Item 9; and on July 14, 2017, the petitioner replied, Docket Item 13. On November 12, 2019, the case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 19. On February 26, 2020, Dukes moved to amend his petition, Docket Item 21; and on March 20, 2020, Graham responded in opposition, Docket Item 22. On April 23, 2020, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the petition should be denied. Docket Item 24.

On June 2, 2020, Dukes moved to hold his petition in abeyance so that he could "submit a state post-conviction motion before the court of conviction regarding . . . additional errors of counsel during the course of the trial that are meritorious and relevant to a fair review of the instant habeas petition." Docket Item 28 at 1.

**DISCUSSION**

It is "an abuse of discretion for a district court to deny a stay . . . if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "Even where stay and abeyance is appropriate," however, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 277-78.

Here, it is not apparent from the petitioner's short request what grounds for relief he plans to raise before the state court—or why he has not already done so in the roughly four and a half years since his conviction became final. Even so, in light of his *pro se* status, the Court will grant Dukes leave to show cause why his request meets the *Rhines* standard.

Accordingly, in order for Dukes's petition to be stayed and held in abeyance, he must show cause, **within 30 days of the date of this order** and with respect to each specific claim he seeks to raise in state court, why (1) there is good cause for his failure to exhaust, (2) the claim is not "plainly meritless," and (3) he has not engaged in dilatory litigation tactics with respect to that claim. *See id.* at 278. To the extent Dukes seeks to raise new claims, he also must explain why these new claims "relate back" to his original petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new grounds for relief supported by facts that differ in both time and type from those the original pleading set forth.").

## ORDER

In light of the above,

IT IS HEREBY ORDERED that Dukes shall show cause **within 30 days of the date of this order** why this Court should stay his petition; and it is further

ORDERED that within **30 days of receipt** of the petitioner's response, the respondent shall file a reply.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

Dated:   July 20, 2020
         Buffalo, New York

       */s/ Hon. Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE