UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT DUKES,

        Petitioner,

    v.                                          16-CV-00918-LJV-HKS
                                                    DECISION & ORDER

HAROLD GRAHAM,

        Respondent.

On November 16, 2016, the *pro se* petitioner, Robert Dukes, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he was convicted in the Yates County Court in violation of his constitutional rights. Docket Item 1. On May 5, 2017, the respondent answered the petition, Docket Item 9, and on July 14, 2017, the petitioner replied, Docket Item 13. On November 12, 2019, the case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 19. On February 26, 2020, Dukes moved to amend his petition, Docket Item 21; and on March 20, 2020, Graham responded in opposition, Docket Item 22. On April 23, 2020, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the motion to amend and the petition both should be denied. Docket Item 24.

On June 2, 2020, Dukes moved to hold his petition in abeyance so that he could "submit a state post-conviction motion before the court of conviction regarding . . . additional errors of counsel during the course of the trial that are meritorious and relevant to a fair review of the instant habeas petition." Docket Item 28 at 1. He also

moved for an extension of time to object to the R&R. *Id.* This Court ordered that Dukes show cause why his petition should be stayed. See Docket Item 32. On August 10, 2020, Dukes submitted a copy of a motion recently filed in New York State Supreme Court, Yates County, under N.Y. C.P.L. § 440.10, but he did not otherwise respond to the show-cause order. See Docket Items 33, 34. Graham responded in opposition to Duke's motion on September 3, 2020. Docket Item 45.

For the reasons that follow, Dukes's motion to hold his petition in abeyance is denied.

## **DISCUSSION**

It is "an abuse of discretion for a district court to deny a stay . . . if [(1)] the petitioner had good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Here, Dukes appears to argue that this Court should stay his petition so that he can exhaust the claims raised in his recent section 440.10 motion. See Docket Item 33 at 4-14. In that motion, Dukes argued that his conviction was unlawfully obtained because (1) prior counsel did not object to an allegedly deficient arraignment procedure and (2) trial counsel prevented him from testifying at trial. See *id.* at 13, 15-18. But Dukes has no need to exhaust either claim.

With respect to the first ground, none of Dukes's present claims relate to the allegedly deficient arraignment procedure. Instead, Dukes argued in his original petition that his conviction was unlawfully obtained because (1) the trial court erred in not assigning replacement counsel; (2) the evidence was legally insufficient; (3) his trial

counsel was ineffective in denying him his right to testify at trial; and (4) he was denied a fair trial due to prosecutorial misconduct. Docket Item 1 at 5-10. Dukes also moved to amend his petition to raise a fifth ground: ineffective assistance of counsel resulting from trial counsel's failure (a) to conduct a proper investigation and (b) to obtain an expert witness. *See* Docket Items 16, 21. Therefore, to the extent Dukes seeks a stay so that he may exhaust any claim related to the arraignment procedures, that motion is denied.

With respect to the second ground, Dukes already exhausted his claim that trial counsel denied him his right to testify before the jury when he raised it on direct appeal. *See* Docket Item 24 at 2-3. And he exhausted it a second time in a prior section 440.10 motion. *See id.* There is no reason to wait for the state court to address that claim for the third time. Accordingly, to the extent Dukes seeks a stay so that he may exhaust any claim related to trial counsel's denying him his right to testify at trial, that motion also is denied.

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that Dukes's motion to hold his petition in abeyance, Docket Item 28, is DENIED; and it is further

ORDERED that Dukes's motion to extend his time to object to Judge Schroeder's R&R, Docket Item 28, is GRANTED; **Dukes's objections are due by October 13, 2020; Graham's response is due by October 27, 2020; and Dukes's reply is due by November 6, 2020**.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

Dated:   September 22, 2020
         Buffalo, New York

                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE