UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT DUKES,

          Petitioner,

     v.                                   16-CV-918-LJV-HKS
                                                DECISION & ORDER

HAROLD GRAHAM,

          Respondent.

_____


## **INTRODUCTION**

On November 16, 2016, the *pro se* petitioner, Robert Dukes, submitted a petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  In that petition,

Dukes alleged that his conviction in Yates County Court was unlawfully obtained

because (1) the trial court erred by not assigning replacement counsel; (2) the evidence

was legally insufficient to convict him; (3) his trial counsel was ineffective in denying him

his right to testify at trial and in failing to object to the prosecutor's use of his nickname;

and (4) he was denied a fair trial due to prosecutorial misconduct.  *Id.* at 5-10.  On May

5, 2017, the respondent, Harold Graham, answered the petition, Docket Item 9, and on

July 14, 2017, Dukes replied, Docket Item 13.

On September 27, 2018, and again on February 26, 2020, Dukes moved to

amend the petition to raise two additional claims:  ineffective assistance of counsel

resulting from trial counsel's failure to adequately investigate and to obtain an expert

witness.  *See* Docket Items 16, 21.[1]  On March 20, 2020, Graham responded and opposed the motion.  Docket Item 22.

In the meantime, this Court had referred the matter to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B).  Docket Item 19.  On April 28, 2020, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the motion to amend should be denied and that the petition should be dismissed.  Docket Item 24.  After this Court granted Dukes several extensions of time in which to object, *see* Docket Items 27, 36, 42, Dukes filed state court records that this Court construed as a motion to reconsider its prior denial of a stay, Docket Item 39, and a letter that this Court construed as an objection to the R&R, Docket Item 41.  On March 15, 2021, Graham responded by filing a copy of a submission he had made in state court proceedings.  Docket Item 43.  Dukes did not reply, and the time to do so has long expired.

For the following reasons, this Court denies Dukes's motion for reconsideration and accepts Judge Schroeder's recommendation to deny Dukes's motion to amend and to dismiss the petition for a writ of habeas corpus.

## DISCUSSION

## I.    MOTION FOR RECONSIDERATION

On June 2, 2020, Dukes moved to stay his habeas petition and hold it in abeyance so that he could exhaust claims raised in a motion filed in state court under

---

[1] Because Dukes filed the same document twice, *see* Docket Items 16, 21, the Court considers both documents to be a single motion to amend.

N.Y. C.P.L. § 440.10.  Docket Item 28.  This Court then ordered Dukes to show cause why his petition should be stayed.  *See* Docket Item 32.  On August 10, 2020, Dukes submitted a copy of his section 440.10 motion, but he did not otherwise respond to the show-cause order.  *See* Docket Items 33, 34.

In his section 440.10 motion, Dukes argued that his conviction was unlawfully obtained because his prior counsel did not object to an allegedly deficient arraignment procedure and because his trial counsel prevented him from testifying at trial.  Docket Item 33 at 13, 15-18.  This Court denied the motion for a stay and abeyance because Dukes did not need to exhaust either claim:  his habeas petition did not raise any claim related to his arraignment, and he had already exhausted his claim that trial counsel denied him the right to testify at trial.  *See* Docket Item 36 at 2-3.  Dukes then filed additional records related to the section 440.10 motion, Docket Item 39, which this Court construed as a motion to reconsider its denial of a stay and abeyance, Docket Item 42.

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"  *Acao v. Holder*, 2014 WL 6460120, at *1 (W.D.N.Y. Nov. 17, 2014) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).  "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d

Cir. 1992)).  It is insufficient to "merely offer the same arguments already briefed, considered, and decided."  *Acao*, 2014 WL 6460120, at *1 (quotation marks omitted).

Dukes has not identified anything that warrants reconsideration of this Court's prior order.  Indeed, Dukes again has submitted only copies of state court records without providing any explanation as to why those records show that his habeas petition should be stayed.  And as already noted above and in this Court's prior order, *see* Docket Item 36 at 2-3, Dukes does not need to exhaust either of the claims he raised in his section 440.10 motion.  Therefore, his motion for reconsideration is denied.

## II.    OBJECTION TO R&R

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But to warrant *de novo* review, an objection must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection," and it must "be supported by legal authority."  W.D.N.Y. Local R. Civ. P. 72(b).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted); *see also Chinn v. Elmwood Franklin School*, 2019 WL 6266193, at *1 (W.D.N.Y. Nov. 29, 2018).  "Similarly, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original

[papers] will not suffice to invoke *de novo* review." *Molefe*, 602 F. Supp. 2d at 487 (alteration in original) (citation omitted).

Dukes's objection recites several errors that he says were made in the underlying criminal investigation and at trial. Docket Item 41 at 1-2. But most of Dukes's objection involves issues not even raised in his habeas petition or in the motion to amend. *See id.* And what little can be read as responding to the R&R does not include a single record citation in disputing Judge Schroeder's factual findings, nor does it cite a single case in contesting Judge Schroeder's legal findings. *See id.* For that reason alone, the Court would adopt the R&R. As the First Circuit has observed, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do [the] work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

Nevertheless, because this Court is obliged to construe Dukes's letter as liberally as possible, *see Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of *pro se* litigants must be read liberally and interpreted to raise the strongest arguments that they suggest), the Court considers Dukes's submission as specifically objecting to two of Judge Schroeder's findings. First, Dukes says that "[t]here was no evidence at trial, and no prima facie case was shown because the[re] was no evidence to prove the case," Docket Item 41 at 1; the Court reads this as objecting to Judge Schroeder's finding that Dukes's legal insufficiency claim lacks merit. Second, Dukes says that his "motion [to amend] does relate back to the beginning of all the violation[s] that w[ere] committed," *id.* at 2; the Court reads this as objecting to

5

Judge Schroeder's finding that the motion to amend should be denied.  Therefore, the Court reviews both these findings *de novo*.[2]

### A.    Relation Back

Judge Schroeder found that the motion to amend should be denied because it raises only untimely claims.  Docket Item 24 at 6-7.  This Court agrees.

Under 28 U.S.C. § 2244(d)(1), there is a "one-year statute of limitations in which state prisoners [may] file applications for a writ of habeas corpus."  *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (citing 28 U.S.C. § 2244(d)(1)).  Although the claims raised in Dukes's initial petition fall within the one-year limitations period, the ineffective-assistance-of-counsel claims raised in Dukes's motion to amend do not.  The one-year limitations period started running on December 21, 2015, when the New York State Supreme Court, Appellate Division, Fourth Department ("Appellate Division"), denied Dukes leave to appeal the denial of his state post-conviction motion, *see* Docket Item 3 at 64.  28 U.S.C. § 2244(d)(2).  But his motion to amend was first filed on September 27, 2018, *see* Docket Item 16, almost three years later.

For that reason, Dukes's new claims are timely only if they "relate[] back" to the original petition—that is, if they "ar[i]se out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original [petition]."  *See* Fed. R. Civ. P. 15(c)(1)(B).  "An amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle*

---

[2] The Court assumes the reader's familiarity with the facts alleged in the petition, *see* Docket Item 1, and Judge Schroeder's analysis in the R&R, Docket Item 24.

*v. Felix*, 545 U.S. 644, 650 (2005).  There "must be 'a common core of operative facts' uniting the claims[; . . . it] is insufficient for a newly asserted claim to simply derive from the same 'trial, conviction, or sentence' as the original claims."  *Ross v. Racette*, 2018 WL 1718057, at *4 (W.D.N.Y. Apr. 8, 2018) (quoting *Mayle*, 545 U.S. at 659, 662-64).

Dukes's new claims for ineffective assistance of counsel allege that his trial attorney failed to hire an expert and failed to adequately investigate the "correct time frame of [the] alleged sexual abuse."  *See* Docket Item 16 at 1; Docket Item 21 at 1.  In his petition, Dukes alleged that his trial attorney was ineffective in denying Dukes his right to testify at trial and in failing to object to the prosecutor's using his nickname.  *See* Docket Item 1 at 9.  The factual bases for the new claims are entirely different in "time and type" from the claims first raised, *see Mayle*, 545 U.S. at 650, and "[t]he fact that all [] these claims assert some type of ineffective assistance of counsel is insufficient to warrant relation back," *see Ross*, 2018 WL 1718057, at *4 (citing cases).  For that reason, this Court agrees with Judge Schroeder that the ineffective-assistance-of-counsel claims raised in the motion to amend are time barred, and Dukes's motion to amend, Docket Items 16, 21, is denied.

### B.    Legal Insufficiency

Judge Schroeder also found that Dukes "cannot establish that the Appellate Division unreasonably rejected his legal insufficiency claim."  Docket Item 24 at 13. Again, this Court agrees.

Dukes argues that the evidence was legally insufficient to support his convictions for first-degree course of sexual conduct against a child, first-degree rape, and endangering the welfare of a child because "the People failed to prove as an element

that [Dukes] engaged in some sort of sexual contact with the victim."  Docket Item 1 at 7

(text changed from upper case).  Dukes raised this argument on direct appeal, *see*

Docket Item 3 at 35-40, and the Appellate Division rejected it on the merits, *People v.*

*Dukes*, 122 A.D.3d 1370, 1372, 996 N.Y.S.2d 847, 849 (4th Dep't 2014).  Under 28

U.S.C. § 2254(d)(1), a federal court "shall not" grant a state prisoner's habeas petition

based on a claim adjudicated on the merits in state court "unless the adjudication of the

claim . . . resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of

the United States."

As Judge Schroeder recounted in some detail, the victim, S.M., testified at trial

about multiple instances of sexual contact with Dukes that started when S.M. was eight

years old.  *See* Docket Item 24 at 8-11.  S.M.'s testimony alone was sufficient to support

Dukes's convictions.  *See United States v. Danzey*, 594 F.2d 905, 916 (2d Cir. 1979)

("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to

support a conviction.") (citations omitted)); *see also Cox v. Herbert*, 420 F. Supp. 2d

144, 162 (W.D.N.Y. 2006) (The victim's "testimony alone would have been sufficient,

even without the corroborating witnesses.").  And while Dukes challenges S.M.'s

credibility, *see* Docket Item 3 at 38-39 (arguing on direct appeal that S.M.'s testimony

was inconsistent), "[t]he law is well established that questions of witness credibility are

jury questions and a federal habeas court may not reassess the jury's finding of

credibility," *Jackson v. Health*, 2010 WL 3075557, at *14 (S.D.N.Y. Aug. 6, 2010).

A federal habeas court will find that a state criminal conviction was supported by

legally sufficient evidence if, "after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Given S.M.'s testimony here, a rational juror very well could have found that Dukes had sexual contact with S.M.  For that reason, this Court agrees with Judge Schroeder that the state court's rejection of Dukes's legal insufficiency claim was not contrary to or an unreasonable interpretation of federal law.

Finally, although not required to do so, this Court has carefully and thoroughly reviewed the remainder of the R&R as well as the materials submitted to Judge Schroeder.  Based on that *de novo* review, this Court accepts and adopts Judge Schroeder's recommendation to dismiss the petition in its entirety.

## CONCLUSION

For the reasons stated above and in the R&R, the motion for reconsideration, Docket Item 39, is DENIED; the motion to amend, Docket Items 19, 21, is DENIED; the petition for a writ of habeas corpus, Docket Item 1, is DISMISSED; and the Clerk of the Court shall close the file.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

9

Dukes must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of the judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      August 27, 2021
            Buffalo, New York


LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE